**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ROBERT B.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | Civil Action No.  ADC-19-1456 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| **ADMINISTRATION,**[1] | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On May 17, 2019, Robert B. ("Plaintiff") Petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 (the "Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 16, 19), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 16) IS DENIED, and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED.

### PROCEDURAL HISTORY

On July 28, 2015, Plaintiff filed a Title II application for DIB, alleging disability beginning on April 10, 2014. Also on July 28, 2015, Plaintiff filed a Title XVI application for SSI, alleging disability beginning on April 10, 2014. His claims were denied initially and upon reconsideration on October 8, 2015, and March 8, 2016, respectively. On March 31, 2016, Plaintiff filed a written

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

request for a hearing and, on May 3, 2018, an Administrative Law Judge ("ALJ") presided over a hearing. On July 20, 2018, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability within the meaning of the Social Security Act [the "Act"] from April 10, 2014, through the date of this decision." ECF No. 11 at 17.[2] Thereafter, Plaintiff filed an appeal, and on April 5, 2019, the Appeals Council affirmed the ALJ's decision. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On May 17, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On January 16, 2020, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on April 15, 2020. Plaintiff filed a response on May 27, 2020.[3] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not

---

[2] The Court cites to the page numbers generated by the CM/ECF filing system.

[3] On June 5, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and/or SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically

3

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

4

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that Plaintiff met the insured status of the Act through December 31, 2016. ECF No. 11 at 18. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity

since April 10, 2014, the alleged onset date." *Id.* At step two, the ALJ found that Plaintiff had medically determinable impairments of "diabetes, hypertension, hyperlipidemia, bronchial asthma, obesity, and depression," but that none of these impairments were severe. *Id.* at 18–19. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], from April 10, 2014, through the date of this decision." *Id.* at 23.

<u>DISCUSSION</u>

Plaintiff raises a single allegation of error on appeal: the ALJ erred in finding none of Plaintiff's medically determinable impairments are "severe" within the meaning of the Act. The Court disagrees.

Step two requires "a threshold determination of whether a [plaintiff] is suffering from a severe impairment or a combination of impairments." *Lewis v. Comm'r of Soc. Sec.*, No. SAG-15-84, 2015 WL 5905276, at *2 (D.Md. Oct. 6, 2015) (citing *Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987)). The plaintiff bears the burden of showing he has a severe impairment at step two, but step two is merely a "*de minimus* screening device used to dispose of groundless claims." *Price v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-212, 2017 WL 1411467, at *2 (D.Md. Apr. 20, 2017) (quoting *Taylor v. Astrue*, No. BPG-11-032, 2012 WL 294532, at *8 (D.Md. Jan. 31, 2012)). "If a [plaintiff] is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step." *Lewis*, 2015 WL 5905276, at *2 (citing 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)). "[A]ny doubt or ambiguity in the evidence at step two should be resolved in the claimant's favor, and the ALJ should continue with the sequential evaluation." *Price*, 2017 WL 1411467, at *2 (citing SSR 85-28, 1985 WL 56856 (Jan. 1, 1985)). When a plaintiff makes a "threshold showing that other disorders constituted severe impairments" and "the ALJ continued with the sequential evaluation process," an ALJ's failure to find an additional impairment

nonsevere is harmless. *Davis v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-813, 2013 WL 1124589, at \*1 (D.Md. Mar. 18, 2013).

At step two, the ALJ found Plaintiff did not "have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for [twelve] consecutive months; therefore, [Plaintiff] does not have a severe impairment or combination of impairments." ECF No. 11 at 19. He reached this conclusion by examining sequentially the severity of each of the impairments Plaintiff contested prevented him from working. *See id.* at 20–22 (evaluating Plaintiff's type II diabetes mellitus, alleged neuropathy, alleged vision impairments, hypertension, hyperlipidemia, alleged medication side effects, bronchial asthma, obesity, hernia, alleged Osgood-Schlatter disease, and mental impairment, respectively); *see also* 20 C.F.R. § 416.920(a0(4)(ii). The ALJ found many of Plaintiff's alleged impairments were not medically determinable. The ALJ also noted that Plaintiff's impairments "are often controlled with medication, diet, and exercise and examinations have been largely unremarkable except for mild findings in the lungs and decreased lower extremity pulses." ECF No. 11 at 22. The ALJ gave little weight to the State agency medical consultants' opinions because he found they were not supported by the record as a whole, and he gave little weight to the internal medicine examiner's opinion because it was contradicted by Plaintiff's more recent examinations. *Id.* at 22–23. Notably, Plaintiff himself testified at his hearing that he "could probably do a sitting job" and has looked for a sitting job in the past. *Id.* at 20.

In his motion for summary judgment, Plaintiff argues that the ALJ improperly evaluated the state agency experts' opinions, and Plaintiff particularly pointed to the agency experts' comments regarding Plaintiff's obesity. ECF No. 16-1 at 10. The ALJ explained in his findings that he gave these opinions little weight because the record as a whole showed that Plaintiff had

lost weight since these opinions were written, demonstrating Plaintiff's obesity, among other impairments, were "controlled with medication, diet, and exercise." ECF No. 11 at 22. Plaintiff also argues in his motion that the ALJ erred by failing to properly consider his alleged impairment of "Chronic ischemic heart disease," ECF No. 16-1 at 12, yet the ALJ specifically referenced the exact treatment records to which Plaintiff points, ECF No. 11 at 21 (discussing that Plaintiff "has poor pulses in the dorsalis pedis and tibialis posterior arteries bilaterally[,] but ankle brachial index shows stable pulses and peripheral artery Doppler shows no or minimal evidence of peripheral vascular disease"). Therefore, the arguments presented by Plaintiff do not undermine the conclusions reached by the ALJ.

Ultimately, this Court's review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether the correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, the Court is not permitted to reweigh the evidence or to substitute its own judgment for that of the ALJ. *See Hayes v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Long v. Comm'r, Soc. Sec.*, No. GLR-17-1966, 2018 WL 2193842, at *2 (D.Md. May 14, 2018). Accordingly, the ALJ's conclusion was supported by substantial evidence.

## CONCLUSION

In summation, the Court finds that the ALJ properly found that Plaintiff was "not disabled" within the meaning of the Act from April 10, 2014, through the date of his opinion. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, Defendant's Motion for Summary Judgment

(ECF No. 19) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is directed to CLOSE this case.

Date:  __June 24, 2020__                                      _____/s/_____

                                                                A. David Copperthite
                                                               United States Magistrate Judge